**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 13-2437**

_____

KIMBERLY SIPES, as Administrator of the Estate of M.B.S.,

        Plaintiff - Appellee,

    v.

JOHNNY D. COOPER, individually and officially,

        Defendant – Appellant,

    and

MICHAEL FERRARO, individually and officially; CITY OF MORGANTON,

        Defendants.

_____

Appeal from the United States District Court for the Western District of North Carolina, at Asheville. Martin K. Reidinger, District Judge. (1:12-cv-00269-MR-DLH)

_____

Submitted: July 31, 2014        Decided: August 21, 2014

_____

Before NIEMEYER and AGEE, Circuit Judges, and HAMILTON, Senior Circuit Judge.

_____

Dismissed by unpublished per curiam opinion.

_____

James P. Cooney, III, Scott D. MacLatchie, WOMBLE CARLYLE SANDRIDGE & RICE, LLP, Charlotte, North Carolina, for Appellant. Charles McB. Sasser, THE SASSER LAW FIRM, P.A., Charlotte, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

On the night of August 29, 2010, seventeen-year-old Michael Blake Sipes was shot and killed on the front porch of his trailer by Morganton, North Carolina Public Safety Department Officer Johnny D. Cooper, who was responding to a noise complaint. Michael's mother, Kimberly Sipes, as the administrator of Michael's estate, filed a wrongful death action against Cooper, Michael Ferraro, and the City of Morganton ("the City"), asserting three state law claims and a claim pursuant to 42 U.S.C. § 1983 (2012). Defendants moved for summary judgment on the grounds of qualified immunity and public official immunity. The district court granted summary judgment in favor of Ferraro, but denied it with respect to Cooper and the City of Morganton. Cooper appealed.[*]

This court may exercise jurisdiction only over final decisions, 28 U.S.C. § 1291 (2012), and certain interlocutory and collateral orders. 28 U.S.C. § 1292 (2012); Fed. R. Civ. P. 54(b); Cohen v. Beneficial Indus. Loan Corp., 337 U.S. 541 (1949). A final decision is one that "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." Catlin v. United States, 324 U.S. 229, 233 (1945). Although interlocutory orders generally are not

_____

[*] The City did not join in the appeal.

3

appealable, an order denying a defendant's claim of qualified immunity is immediately appealable under the collateral order doctrine "to the extent that it turns on an issue of law." Mitchell v. Forsyth, 472 U.S. 511, 530 (1985); Iko v. Shreve, 535 F.3d 225, 234 (4th Cir. 2008). However, a district court's determination that a genuine issue of material fact exists that precludes summary judgment on qualified immunity grounds is not immediately appealable. Johnson v. Jones, 515 U.S. 304, 313-20 (1995); Culosi v. Bullock, 596 F.3d 195, 201 (4th Cir. 2010). Thus, this court has "no jurisdiction over a claim that a plaintiff has not presented enough evidence to prove that the plaintiff's version of the events actually occurred, but [the court has] jurisdiction over a claim that there was no violation of clearly established law accepting the facts as the district court viewed them." Winfield v. Bass, 106 F.3d 525, 530 (4th Cir. 1997) (en banc).

Because the qualified immunity determination in this matter ultimately turns on presently unresolved questions of fact rather than on an evaluation of the legal significance of undisputed facts, we do not possess jurisdiction over this appeal. Therefore, we dismiss. We dispense with oral argument because the facts and legal contentions are adequately presented

in the materials before this court and argument would not aid the decisional process.

DISMISSED